Opinion of the court, by
Judge Hitchcock :
The defense relied upon by the special plea in the bar in this case, is grounded upon sections 6 and 7 of the act of March 1, *375 1831, regulating judgments and execution. 29 Ohio, L. 101. And whether the defense is available depends upon the construction of those sections of the statute. Section 6 provides in substance, that if the officer having a writ of ft. fa. shall levy the same on goods or.chattels claimed by any other person than the judgment debtor, it shall be the duty of the officer forthwith to give notice in writing to some justice of the peace of the county, setting forth the names of the plaintiff and defendant, and of the claimant; and, also, he is to furnish the said justice with a schedule of the property claimed. It is then made the duty of the justice to issue a writ of venire facias, directed to the sheriff or any constable of the county, commanding him to summon five disinterested electors of the county, to appear before' said justice, at the time and place therein mentioned, to determine the right of the claimant to the property in controversy. The claimant is required to give two days’ notice to the plaintiff in execution, or other party for whose benefit such execution was issued, of the time and place of trial, and to prove to the satisfaction of the justice that such notice was given.
In section 7, the oath to be taken by the jury so summoned is prescribed, and the judgment to be rendered on their finding. If the right of property is'found to be in the claimant, judgment *shall be rendered in his favor against the plaintiff iñ execution for costs, and also that he have restitution of the goods and chattels claimed; but if, on the other hand, the right of property is found to be in the claimant, then judgment shall be rendered against him for costs. The section then is concluded by the following proviso: “ That such judgment for the claimant as aforesaid shall be a justification to the officer in returning nulla bona to the writ of execution, by virtue of which the levy had been made as to such part of the goods and chattels as were found to belong to such claimant.”
There is no difficulty in cases where the jury find the right of property in the claimant. It then becomes the duty of the office^ to deliver to him the goods and chattels found to be his, and he will be protected against any claim on the part of a judgment creditor by a return of nulla bona. Thus far the statute is explicit. But if the right of property is not found to be in a claimant, the officer must of course retain it in his possession until sold in due course of law. As the statute does not specifically declare *376 that in such case the officer shall be protected, it seems to be supposed by the plaintiff, in the present case, that he may be subsequently subjected to an action at common law for the property, or to respond in damages for its value. We think, however, that such is not a proper construction of this statute. We suppose that in the enactment of this law the legislature had two objects in view. One was to enable an individual, whose property had been through mistake levied upon, to recover the possession in a summary manner. The other, and the principal, was to furnish protection to an officer of the law, who should make a mistake in the discharge of his duty. This latter object would not be effected, if, after a trial of the right of property and a decision against the claimant, the officer could still be subjected to an action at his suit. Besides, no person is bound to claim his property under this statute. He may at once commence his action at common law against the sheriff or other officer, and if he prefer the statutory remedy, he ought to be concluded by it, so far at least as the officer is concerned.
The proceedings under the statute, however, will not conclude the claimant so far as persons, other than the officer, are concerned. If the right of property is really in him, that right will not be destroyed by a levy and sale. He may pursue it in the hands of a purchaser at sheriff’s sale, or he may, in a proper state of case, and in an appropriate action, proceed against the plaintiff in execution, or his agents, or any other person who may have improperly interfered.
The plea in the case under consideration, although somewhat ^defective in form, shows that the property in controversy was levied upon by execution; that it was claimed by the plaintiff; that at his request there was a trial of the right to the property, which was found not to be in the claimant, and judgment accordingly. We think the facts as substantially set forth constitute a delcnse to the action.
The demurrer is therefore overruled, and the cause continued and remanded to the Supreme Court of Miami county .for further proceedings.