DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robin Edwards ("Edwards"), appeals from the decision of the Akron Municipal Court. This Court affirms.
 I. {¶ 2} Appellee, Hunter Real LLC, filed its complaint against Edwards on June 7, 2007, seeking relief for forcible entry and detainer, and unpaid rent. Forcible entry and detainer complaints typically consist of two causes of action. The first seeks possession of the property; the second seeks damages including unpaid rent. When Edwards failed to file an answer to the complaint, Hunter Real filed a motion for default judgment on its claim for damages and dismissed its claim for possession of the premises. On August 8, 2007, the trial court granted default judgment in Hunter Real's favor. On September 7, 2007, Edwards filed an answer and counterclaim. In response, Hunter Real moved to strike the answer and counterclaim, arguing that the answer was filed out of rule, without leave of court, and that the prayer for the *Page 2 
counterclaim exceeded the subject matter jurisdiction of the court. Edwards then filed a motion for relief from judgment pursuant to Civ. R. 60(B). In the motion, she admitted that she had attempted to file an answer and counterclaim on July 24, 2007. She claimed that the answer and counterclaim were returned to her by the Clerk of Courts who refused to file the pleadings because Edwards had neglected to include payment for the filing fee. Hunter Real responded to this motion and on February 7, 2008, Edwards filed a brief in support of her motion. In the brief, Edwards alleged for the first time that she had not been served with the summons and complaint until August 15, 2007. On February 13, 2008, the trial court held a hearing on Edwards' Civ. R. 60(B) motion. The trial court overruled Edwards' motion and entered judgment in favor of Hunter Real in the amount of $2,335.48. Edwards timely appealed from this motion, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY FAILING TO ANALYZE EVIDENCE PRESENTED TO THE TRIAL COURT WHICH WOULD HAVE ALLOWED FOR THE DEFAULT JUDGMENT TO BE VACATED."
 {¶ 3} In her sole assignment of error, Edwards contends that the trial court erred by failing to analyze evidence presented to the trial court. She alleges that the evidence would have supported vacation of the default judgment. We do not agree.
 {¶ 4} Specifically, Edwards requests this Court to review the evidence presented to the trial court at the hearing on her Civ. R. 60(B) motion for relief from judgment. The decision to grant or deny a motion for relief from judgment pursuant to Civ. R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. To review Edwards' assigned error, therefore, this Court *Page 3 
would need to review the record of the proceedings held on February 13, 2008 to determine whether the trial court abused its discretion. Edwards, however, has failed to present this court with a transcript from that hearing.
 {¶ 5} As appellant in this matter, it is Edwards' duty to provide a transcript for appellate review because she bears the burden of demonstrating error by reference to matters in the record. State v.Skaggs (1978), 53 Ohio St.2d 162, 163. App. R. 9(B) requires her to order from the reporter the portion of the transcript that she deems necessary for the resolution of assigned errors. Edwards has not met the burden of producing a transcript of the proceedings from which she claims error. Without the necessary transcript, we must presume regularity of the proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Accordingly, Edwards' sole assignment of error is overruled.
 III. {¶ 6} Edwards' assignment of error is overruled and the judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 4 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, P. J., CARR, J., CONCUR *Page 1