[Cite as *Hersch v. Schwartz*, 2012-Ohio-3908.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF BEVERLY W. HERSH, | : | APPEAL NO. C-110478 |
| | | TRIAL NO. EX-1000633 |
| Judgment-Creditor-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT L. SCHWARTZ, | : | |
| Judgment-Debtor-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed from is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 29, 2012

*Joshua L. Goode*, for Judgment-Creditor-Appellee,

*Geoffrey P. Damon*, for Judgment-Debtor-Appellant.

Please note: This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1} Robert Schwartz appeals from the judgment of the Hamilton County Court of Common Pleas ordering the sale of his 1999 Mercedes Benz automobile ("1999 Mercedes"), along with other personal items, and the application of all of the net proceeds from the sale to satisfy part of a judgment obtained by the estate of Beverly Hersh ("the estate").

{¶2} For the reasons that follow, we reverse the trial court's judgment and remand the cause for a hearing consistent with this decision.

### The Facts

{¶3} The estate obtained a judgment against Schwartz in July 2010 for over $300,000. The trial court issued a writ of execution under R.C. 2329.09 against Schwartz's property, and on July 20, 2010, sheriff's deputies seized several items of personal property belonging to Schwartz, including a 1999 Mercedes.

{¶4} Schwartz timely requested a hearing, in accordance with R.C. 2329.091(D), for the court to consider whether some of the seized property was exempt from execution and sale. At this July 2010 hearing, Schwartz challenged the seizure of his property based on several of the exceptions stated in R.C. 2329.66. He specifically claimed the statutory exemption for motor vehicles, then valued at $3225, and argued that his 1999 Mercedes was worth less than the exemption. He also informed the court that he was scheduled to begin a four-year prison term in less than a week and would, therefore, be unable to personally litigate the exemption issue. Schwartz provided the court with the name of his local attorney.

{¶5} The estate informed the court that it had divided the seized property between two auction houses and that it was in the process of having the property

2

appraised. It requested that the court allow the parties to proceed under a procedure in which the estate, when ready, would formally move the court for an order allowing the sale of the appraised property at two auctions. The estate told the court that its motion for approval to sell would serve as notice to Schwartz to present his specific exemption argument for the court's consideration.

{¶6}   The court accepted the procedure and told Schwartz that it would continue his exemption hearing "in progress." The court also orally set a date in September for the estate to provide a report on the status of the execution.

{¶7}   Subsequently, the estate moved the court for approval to sell at auction a portion of the seized property that was identified with appraised values in an exhibit attached to the motion. The exhibit did not identify the 1999 Mercedes as part of the property to be sold. At a hearing several weeks later, Schwartz's attorney argued that the items listed in the estate's motion were exempt from execution under R.C. 2329.66(A)(4)(a) as household goods and furnishings that Schwartz held primarily for his personal, family, or household use. The trial court disagreed and ordered the sale of the property. This court affirmed the trial court's judgment. *Estate of Hersh v. Schwartz*, 195 Ohio App.3d 295, 2011-Ohio-3994, 959 N.E.2d 1061 (1st Dist.) ("*Schwartz I*").

{¶8}   While *Schwartz I* was pending on appeal, the estate moved the trial court for approval to sell at a second auction the 1999 Mercedes Benz and other remaining miscellaneous property levied upon. Unlike the September 2010 motion to sell, the estate did not attach an inventory and an appraisal of the property and failed to indicate the date and time of the sale. The motion was filed on July 6, 2011, and served on Schwartz's attorney that same day by regular mail.

{¶9}   Also on that day, the estate appeared in court to report on the status of the execution proceedings.   In the absence of Schwartz's counsel, the estate requested that the court grant the second motion to sell.   The court granted the motion and ordered the net proceeds to be applied to the judgment without any discussion of Schwartz's claimed exemption in the 1999 Mercedes.

{¶10}   Schwartz now appeals from this judgment, arguing in two assignments of error that the trial court erred by denying him due process in the execution against his property and by denying him his statutory exemption for a motor vehicle.

### Due-Process Claim

{¶11}   In his first assignment of error, Schwartz argues that the trial court violated his procedural due-process rights in the execution against his property.

{¶12}   A judgment debtor is entitled to due process of law in the execution against his property, as the proceeding involves the deprivation of property. *See Schwartz I*, 195 Ohio App.3d 295, 2011-Ohio-3994, 959 N.E.2d 1061, at ¶ 15.   The due-process clauses of the state and federal constitutions guarantee "a reasonable opportunity to be heard after a reasonable notice of such hearing."   *State ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347, 199 N.E. 355 (1936), paragraph five of the syllabus, quoted in *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assoc.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986).

{¶13}   To that end, R.C. 2329.091 provides for a hearing before property levied upon in a writ of execution can be sold, if the judgment debtor timely requests such a hearing.   If a hearing is conducted, the trial court must determine what portion of the property of the judgment debtor is exempt under R.C. 2329.66.   R.C.

2329.091(H). The court then must issue an order setting forth that determination and ordering the nonexempt property to be sold. *Id.*

{¶14} The problem in this case is that the court continued Schwartz's exemption hearing until after his receipt of the estate's motion to sell, but the court held a hearing and granted the motion to sell on the day it was served, before Schwartz had a meaningful opportunity to challenge it.

{¶15} The estate argues that the trial court's judgment should be affirmed for two reasons. First, it argues that Schwartz was not deprived of due process of law because Schwartz or his attorney participated in two hearings on claimed exemptions in July and September 2010, and he failed to offer admissible evidence in support of the exemption claim at those hearings. But the record demonstrates that the court continued the July 2010 hearing, after Schwartz asserted his motor-vehicle exemption, so that it could examine the issue after the levied property had been appraised and made ready for sale, as promised by the estate.

{¶16} And the September 2010 hearing involved only the property sought to be sold by auction at that time, as identified by the exhibit attached to the estate's motion. The 1999 Mercedes was not included. Thus, the July and September 2010 hearings did not provide Schwartz with a meaningful opportunity to be heard on his claimed motor-vehicle exemption.

{¶17} Next, the estate argues that Schwartz waived his due-process rights because his attorney failed to appear at a prior status report hearing during which the July 6, 2011, status report hearing was set. Alternatively, the estate argues that Schwartz had constructive notice of the July 6, 2011, status report hearing pursuant to the local rules of the Hamilton County Common Pleas Court.

{¶18} With respect to this later argument, the estate specifically cites Loc. R. 6 of the Hamilton County Rules of Practice of the Court of Common Pleas, which provides that "Publication in the Cincinnati Court Index shall be deemed official and complete notification to all Hamilton County counsel of any assignment or setting of any case for any purpose whatever and it shall be the duty of such counsel to ascertain from the Cincinnati Court Index any official notification contained therein pertaining to all cases."

{¶19} We find both of these arguments meritless. First, the record does not demonstrate that Schwartz's counsel failed to appear at any status report hearings held before July 6, 2011, or that a July 6, 2011, status report hearing had been announced at a prior hearing. Second, notice of the status report hearing either orally or by publication in the Cincinnati Court Index would not have been sufficient to inform Schwartz to appear to reassert his claimed exemption, where the parties had agreed that the "motion for court approval to sell" was to provide the notice.

{¶20} We believe it is important to note that the General Assembly has enacted legislation requiring that a judgment debtor receive written notice in accordance with Civ.R. 5 of the exemption hearing and of the impending sale of goods and chattel on execution. *See* R.C. 2329.091(G); R.C. 2329.13(A)(1)(a)(i). A similar notice requirement should apply in this case.

{¶21} Although the estate served Schwartz with the motion for court approval to sell, service occurred on the same date that the court granted the motion. Thus, we are unable to find on this record that Schwartz has had a meaningful opportunity to be heard on the issue of his motor-vehicle exemption. Accordingly, we sustain the first assignment of error.

**Statutory Motor-Vehicle Exemption**

**{¶22}**   In his second assignment of error, Schwartz argues that the trial court erred by not determining that the 1999 Mercedes was exempt from execution, and he requests that this court find the vehicle exempt and order that it be returned to him. We are unable to provide Schwartz the relief he requests.  The record before us does not demonstrate the value of the 1999 Mercedes or that Schwartz had not already used the exemption for another motor vehicle.   Thus, we overrule the second assignment of error.

## Conclusion

**{¶23}**   The record demonstrates that Schwartz was not provided reasonable notice and a meaningful opportunity to litigate his statutory motor-vehicle exemption.   Therefore, we reverse the trial court's judgment granting the estate's July 6, 2011 motion for approval to sell, and we remand the cause to the trial court for a hearing on the motion and Schwartz's claimed motor-vehicle exemption.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.