OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Ryan, Appellee, v. Carter; Erwin, Sheriff, Appellant.
[Cite as Ryan v. Carter (1993),      Ohio St. 3d     .]
Amercement of sheriff for improperly executing upon a horse
    located within the sheriff's jurisdiction is appropriate,
    when -- R.C. 2707.01, applied.
    (No. 92-1379 -- Submitted September 21, 1993 -- Decided November 10, 1993.)
    Appeal from the Court of Appeals of Franklin County, No. 91AP-1456.
    On September 1, 1987, Melinda M. Ryan ("Ryan") filed a lawsuit against David Carter seeking reimbursement for the sums she had paid on a loan that she and others had cosigned. Ryan alleged that Carter had received the proceeds of the loan and had promised to pay the note in full. Ryan obtained a default judgment against Carter for $23,277.46, plus interest of ten percent per annum from December 3, 1982.
    On April 3, 1989, Ryan filed a praecipe in the Franklin County Court of Common Pleas that instructed the Sheriff of Greene County to execute on "one bay colt named Indylator belonging to David L. Carter[,] which can be found at Chip Noble's barn at the Xenia Fairground in Xenia, Ohio." All costs required for the filing the praecipe were paid, and the document was properly sent to the sheriff.
    The sheriff tagged a horse which he believed to be Indylator on June 9, 1989, and later released it on July 20, 1989 to a woman named Deborah Shirey who claimed that she was the owner of the horse. Because of this release, the execution was rendered incomplete. After the release occurred and without knowledge of it, the Court of Common Pleas of Franklin County ordered the sheriff to sell the horse. Of course, because the sheriff no longer had possession of the horse, this sale never occurred.
    On September 12, 1989, Greg Coburn, a paralegal for Ryan, called the sheriff and was informed that the sheriff had released the horse. This phone discussion was Ryan's first notice that the sheriff had abandoned execution. Ryan then demanded that the sheriff execute upon the horse again. Although the sheriff agreed to attempt executing upon the horse

again, he later abandoned that agreement through a letter written by the Greene County Prosecuting Attorney indicating that the sheriff would refrain from taking further action to execute on the property because the prosecuting attorney had determined that David Carter was not the horse's owner.

On July 24, 1989, the sheriff had filed a notice in the Franklin County Common Pleas Court which stated that "no goods or chattels, lands or tenements found, whereon to levy."

Having never received any satisfaction of her judgment as a result of the tagging and release of the horse, Ryan filed a motion to amerce the sheriff pursuant to R.C. 2707.01.

Pursuant to recommendations made in a referee's report, the Franklin County Court of Common Pleas denied Ryan's motion to amerce.

On May 12, 1992, the Court of Appeals for Franklin County reversed the trial court.

The cause is before this court pursuant to the allowance of a motion to certify the record.

Arthur G. Wesner and Thomas J. Foster, for appellee.

Taft, Stettinius & Hollister and Lawrence D. Walker, for appellant.

Pfeifer, J.     This case involves the seldom-used remedy of amercement, which is described in R.C. Chapter 2707. While it is questionable why this archaic procedure remains, this court will enforce R.C. Chapter 2707 until the General Assembly removes it from the books.

To amerce is to punish. 1 Oxford English Dictionary (2 Ed. 1989) 396-397. R.C. 2707.01 delineates when an action for amercement is appropriate. The statute provides:

"If an execution or order of sale directed to an officer comes to his hands to be executed, and he neglects or refuses to execute it ***, on motion in court, and notice thereof, in writing, as provided in section 2707.02 of the Revised Code, such officer shall be amerced in the amount of such judgment, including costs, with ten per cent thereon, to and for the use of the plaintiff or defendant." 1

Ryan seeks to amerce the Sheriff of Greene County for improperly executing upon a horse located within the sheriff's jurisdiction. Ryan claims that amercement is appropriate because the sheriff initially tagged the horse, but, after being persuaded by Deborah Shirey that she, not Carter, was the horse's owner, the sheriff released it.

There is no question that the sheriff improperly executed upon the horse. He released the horse without following the procedure delineated in R.C. 2329.84, which provides the remedy for determining ownership of goods that have been levied upon. The statute provides:

"If, by virtue of a writ of execution issued from a court of record in this state, an officer levies it on goods and chattels claimed by a person other than the defendant, such officer forthwith shall give written notice to a judge of the county court, which notice shall contain the names of the plaintiff, defendant, and claimant, and at the same time furnish the judge a schedule of the property claimed. Immediately upon the receipt of the notice and schedule, the

judge shall make an entry of them on his docket, and issue a summons directed to the sheriff or any constable of the county commanding him to summon five disinterested men, having the qualifications of electors, to be named in the summons, to appear before him, at the time and place therein mentioned, which shall not be more than three days after the date of the writ, to try and determine the claimant's right to the property in controversy.  The claimant shall give two days' notice, in writing, to the plaintiff, or other party, for whose benefit the execution was issued and levied, his agent, or attorney, if within the county, of the time and place of trial.  The claimant shall prove to the satisfaction of the judge that such notice was given, or that it could not be given by reason of the absence of the party, his agent or attorney."

According to R.C. 2329.85, the jury summoned according to R.C. 2329.84 should determine the ownership of the property in controversy.  The sheriff usurped the statutory function of the jury when he determined that Shirey was the owner of the horse.  This is precisely the type of conduct which R.C. 2707.01 was intended to punish.

The sheriff relies on R.C. 2707.03, claiming that his negligence is excused because the praecipe ordering the sheriff to execute on the horse did not contain the words, "Funds are deposited to pay the sheriff on this process." The sheriff is mistaken.

R.C. 2707.03 provides:

"*** Such officer is not liable to an action or amercement for a failure to execute such process directed to him from a county other than that in which he was elected, unless his fees are deposited with the clerk who issued the process, and an indorsement is made and subscribed by such clerk thereon at the time of its issue, in these words: 'Funds are deposited to pay the sheriff on this process.'" (Emphasis added.)

This statute gives immunity to officers when they fail to execute upon property due to the absence of any indication on the writ that fees have been properly paid.  The sheriff would have been immunized by R.C. 2707.03 if he had reviewed the praecipe and refused to commence execution because of the absence of the phrase, "Funds are deposited to pay the sheriff on this process."  In such a case, Ryan's attorney could have inserted these magic words on the praecipe and refiled it so the execution could have proceeded.

In the present case, however, the sheriff commenced the execution on the horse and then improperly released it.  This neglect of duty, which apparently caused loss to Ryan, is not immunized by R.C. 2707.03.

Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., Wright,  Resnick and F.E. Sweeney, JJ., concur.

A.W. Sweeney and Douglas, JJ., dissent.


FOOTNOTE
1 While it may seem Draconian to charge the sheriff for the entire cost of Carter's debt, plus costs and a ten-percent surcharge, irrespective of the value of the goods executed

upon, the sheriff is subrogated to all of Ryan's rights against Carter. Murphy & Bros. v. Swadener (1878), 33 Ohio St. 85.