MORRIS, Appellee,

v.

ERIEWAY, INC.;  Evergreen Environment Group, Inc., Intervenor–Appellant.

[Cite as *Morris v. Erieway, Inc.* (1994), 93 Ohio App.3d 239.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65756.

Decided Feb. 22, 1994.

*Edward R. Reichek,* for appellee.

*Thomas C. Pavlik* and *Donald J. Kral,* for appellant.

———————

*Per Curiam.*

Third-party claimant/intervenor-appellant Evergreen Environment Group, Inc. ("appellant") appeals the grant of summary judgment in favor of plaintiff-appellee Allan E. Morris ("Morris") in a dispute over property levied upon by Morris.

Appellant raises the following errors for review:

"I.   The trial court erred in holding that it had authority to issue a summary judgment ruling in this action which was governed by the special statutory procedure set forth under Ohio Revised Code Section 2329.84.   (Judgment Entry filed May 24, 1993).

"II.   The trial court erred in holding that ownership was still vested in the defendant, where the defendant admitted by affidavit that it did not own the vehicles in question.   (Judgment Entry filed May 24, 1993).

"III.   The trial court erred in failing to hold that equitable ownership in third-party claimant appellant Evergreen precluded plaintiff's lien in this action. (Judgment Entry filed May 24, 1993)."

Finding none of the assignments of error to have merit, we affirm.

## I

Morris obtained a default judgment against Erieway, Inc.   Morris was awarded $90,000 for his commission from the sale of Erieway's personal property and intangible assets to appellant.   There is no written record of this sale.

Apparently three vehicles, a tractor truck and two trailers, were among the transferred assets.   However, the titled ownership as evidenced by the certificates of title remained with Erieway, Inc.   The case was transferred from the Cuyahoga County Court of Common Pleas to the Parma Municipal Court for purposes of execution.   Morris caused the three vehicles titled to Erieway, Inc. to be levied upon to satisfy the judgment.   Appellant entered the litigation by filing a motion for intervention as of right, claiming ownership of the vehicles.   The trial court treated this as a claim of third-party ownership pursuant to R.C. 2329.84.   The trial court then granted the summary judgment motion of Morris, finding that appellant was barred from presenting any right, title, claim, or interest in the vehicles as it did not have the certificates of title.

## II

In its first assignment of error, appellant contends the trial court erred by granting summary judgment, as it is inapplicable to and conflicts with the specialized summary jury trial called for under R.C. 2329.84.

R.C. 2329.84 applies to goods claimed by third parties and states as follows:

"If, by virtue of a writ of execution issued from a court of record in this state, an officer levies it on goods and chattels claimed by a person other than the defendant, such officer forthwith shall give written notice to a judge of the county court, which notice shall contain the names of the plaintiff, defendant, and claimant, and at the same time furnish the judge a schedule of the property claimed. Immediately upon the receipt of the notice and schedule, the judge shall make an entry of them on his docket, and issue a summons directed to the sheriff or any constable of the county commanding him to summon five disinterested men, having the qualifications of electors, to be named in the summons, to appear before him, at the time and place therein mentioned, which shall not be more than three days after the date of the writ, to try and determine the claimant's right to the property in controversy. The claimant shall give two days' notice, in writing, to the plaintiff, or other party, for whose benefit the execution was issued and levied, his agent, or attorney, if within the county, of the time and place of trial. The claimant shall prove to the satisfaction of the judge that such notice was given, or that it could not be given by reason of the absence of the party, his agent, or attorney."

Before reaching whether the Rules of Civil Procedure are applicable to R.C. 2329.84, a threshold determination must be made in regard to the correctness of the trial court's reasoning that R.C. 2329.84 governs this case.

R.C. 2329.84 provides the remedy for determining the ownership of goods that have been levied upon. *Ryan v. Carter* (1993), 67 Ohio St.3d 568, 621 N.E.2d 399. However, it is not clear that all goods fall within the boundaries of the act. The principal purpose of the act is the protection of the constable from liability when levying against property. *Armstrong v. Harvey* (1860), 11 Ohio St. 527, 531. This is a summary proceeding to regain possession of property if levied upon by mistake. *Id.* Title is not acquired, or confirmed, or affected by the judgment and still may be enforced. *Patty v. Mansfield* (1838), 8 Ohio 370.

The parties to the proceeding are the claimant and the judgment creditor. The judgment debtor, who supposedly owns the property, is not a party and his rights are not determined. The judgment is not conclusive as to the ownership of the property. *Berkowitz v. Crown Brewing Co.* (1909), 7 OLR 244.

This proceeding does not "have the effect of conferring a title or right where none existed before, and its only object was to restore the property to the status in which it was before the levy, and if complied with, the claimant would still hold it, subject to all the legal and equitable claims of others thereto." *Armstrong, supra*, 11 Ohio St. at 533.

Pursuant to R.C. Chapter 4505, a certificate of title is required for the acquisition of any right, title, claim, or interest in any motor vehicle. R.C. 2329.84 does not determine title to the goods in question but only decides the interest in the goods between the judgment creditor and the claimant. As a certificate of title is necessary, with certain limited exceptions, to prove any right to a motor vehicle, R.C. 2329.84 is inappropriate to determine the interests of adverse parties to a vehicle.

As R.C. 2329.84 was not applicable to the instant case, we need not decide whether Civ.R. 56 may be used in conjunction with R.C. 2329.84.

Appellant's first assignment of error is overruled.

### III

In its second assignment of error, appellant contends the trial court erred by finding there was no admission that it owned the vehicles. Appellant attached an affidavit by Paul Misch to its memorandum in opposition to Morris' motion for summary judgment. Misch, a former employee of Erieway, Inc., testified in the affidavit that the vehicles were sold to appellant.

Pursuant to R.C. 4505.04(B)(2), title, right, interest, or claim to a vehicle can be evidenced by an admission in the pleadings. However, this admission exception to the certificate-of-title requirement contemplates an admission by a party to the instant action and not a non-party. See *Dispillo v. Cochrane Assoc., Inc.* (Oct. 17, 1986), Lucas App. No. L–85–452, unreported, 1986 WL 11659, *1.

The statement by Misch that the vehicles were sold to appellant by Erieway is an admission by a non-party to this suit. The admission would have to be that of Morris, not Erieway, for R.C. 4505.04(B)(2) to apply.

Appellant's second assignment of error lacks merit.

### IV

In its third assignment of error, appellant contends the certificate of title law does not apply where there is a bona fide purchaser for value. Appellant argues that Morris, as a creditor of Erieway, Inc., only has as good a right to the property as Erieway, Inc., and that appellant would prevail in a dispute between it and Erieway, Inc. over ownership of the vehicles.

■ R.C. 4505.03 requires a seller to transfer a certificate of title with notation of the assignment to the buyer when selling or disposing of a motor vehicle. A buyer is obligated to obtain the certificate of title in his name when acquiring a motor vehicle.

■ R.C. 4505.04 governs evidence of ownership of motor vehicles. It states in pertinent part:

"(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.

"(B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.19 of the Revised Code;

"(2) By admission in the pleadings or stipulation of the parties;

"(3) In an action by a secured party to enforce a security interest perfected under sections 1309.01 to 1309.50 of the Revised Code in accordance with division (A) of section 4505.13 of the Revised Code, by an instrument showing a valid security interest."

Appellant relies on *Stackhouse Oldsmobile, Inc. v. Petry* (1967), 12 Ohio App.2d 68, 41 O.O.2d 122, 231 N.E.2d 71, which held:

"[T]hat when a nondealer has completed a sale of a motor vehicle to a bona fide purchaser for value, has assigned the certificate of title to such purchaser, and has delivered possession of both the motor vehicle and the certificate of title to such purchaser, such purchaser has such right of possession and control of the motor vehicle and the certificate of title which is superior to any claim or interest of a creditor of the seller for a claim that is not noted on the certificate of title, who attaches the motor vehicle before the certificate of title is issued in the name of such purchaser but during the period provided by Section 4505.06 of the Revised Code for the purchaser to file an application for a certificate of title." *Id.* at 79–80, 41 O.O.2d at 129–130, 231 N.E.2d at 79.

In *Stackhouse*, a judgment debtor sold a vehicle to a third party and executed the assignment on the back of the title showing the transfer of the vehicle to the third party. The vehicle was attached before the buyer obtained a certificate of title. The court relied on the notation of assignment in finding the seller had relinquished all right to the vehicle and finding the judgment creditor had no better right to the vehicle than the seller.

In *Stackhouse*, there was an assignment of the vehicle. That is not true in the instant case. There apparently is no assignment of the vehicle from Erieway, Inc. to appellant. Indeed, there is no written document in evidence showing the sale ever took place.

█ R.C. 4505.04 is limited to actions including "importation of vehicles, rights as between lienholders, right of bona fide purchasers, and instruments evidencing title and ownership." *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 153, 524 N.E.2d 507, 509. This case falls squarely within the provisions of R.C. 4505.04, as it involves a dispute over ownership and title of the vehicles. Usually, the person named in the certificate of title is conclusively presumed to be the owner of the vehicle and is protected against the claims of others to the vehicle. *Switzer v. Carroll* (C.A.6, 1966), 358 F.2d 424, 427. The retention of a certificate of title is indicia of retained ownership and where the owner fails to assign and deliver the certificate of title to the purchaser, title does not pass. *Garlick v. McFarland* (1953), 159 Ohio St. 539, 50 O.O. 445, 113 N.E.2d 92.

Pursuant to R.C. 4504.04, a court shall recognize any right, interest, or claim in a vehicle when evidenced by a certificate of title or by admission in the pleadings or stipulation by the parties. Erieway, Inc. is named as the owner for the certificates of title and there is no admission or stipulation. Therefore, Erieway, Inc. is still the titled owner for the vehicles and the vehicles were subject to the levy of execution to satisfy Erieway, Inc.'s debt.

Appellant's third assignment of error is overruled.

*Judgment affirmed.*

NAHRA, C.J., SPELLACY and PORTER, JJ., concur.