[Cite as *Gary Moeralli Excavating, Inc. v. Trimat Constr., Inc.*, 2013-Ohio-1311.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

GARY MODERALLI EXCAVATING,     :
INC.,
                               :
        Plaintiff-Appellant,            Case No.   12CA5
                               :
        vs.
                               :
TRIMAT CONSTRUCTION, INC., et al,     :


DECISION AND JUDGMENT ENTRY

        Defendants-Appellees.            :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Tracey A. Laslo, 325 East Main Street, Alliance, Ohio
                           44601, and Shirley J. Smith, 1399 East Western Reserve
                           Road, Ste.2, Poland, Ohio 44514

COUNSEL FOR APPELLEES:      Mark E. Sheets, Halliday, Sheets & Saunders, 19 Locust
                           Street, P.O. Box 325, Gallipolis, Ohio 45631

_____

CIVIL APPEAL FROM MUNICIPAL COURT
DATE JOURANALIZED: 3-26-13
ABELE, J.

{¶ 1}   This is an appeal from a Gallipolis Municipal Court judgment in an R.C. 2329.84

proceeding initiated by the Gallia County Sheriff (Sheriff).   Gary Moderalli Excavating, Inc.,

plaintiff below and appellant herein, assigns the following errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT'S DECISION TO HEAR A TRIAL
        PURSUANT TO O.R.C. 2329.84 OUTSIDE OF THE
        THREE-DAY WINDOW EXPRESSLY IMPOSED BY

STATUTE WAS IMPERMISSIBLE UNDER OHIO LAW. FURTHER, THE DENIAL OF DISMISSAL AND SUMMARY JUDGMENT AS RELATES TO SUCH HEARING AS WELL AS TO THE ISSUE OF OWNERSHIP WAS IMPROPERLY DENIED."

SECOND ASSIGNMENT OF ERROR:

"THE AGREEMENT REACHED BY THE PARTIES AT THE TRIAL COURT LEVEL WAS PROCURED BY FRAUD ON THE PART OF RONALD TOLER, AS IT WAS CONDITIONED ON HIS PROVIDING OF DOCUMENTATION EVIDENCING HIS ALLEGED SECURITY INTEREST IN THE PROPERTY AT ISSUE – DOCUMENTS WHICH, WHEN PROVIDED, ACTUALLY REVEALED THAT HE HAD NO INTEREST IN SAID PROPERTY."

**{¶ 2}**   Unfortunately, the record reveals little of the facts that underlie this case. Apparently, the trial court awarded appellant a judgment for damages against Trimat Construction, Inc. (Trimat).   Appellant sought to levy execution on that judgment and the Sheriff impounded several pieces of equipment.   On April 4, 2012, the Sheriff commenced the instant proceeding to determine the claimant's (appellant's) rights in the seized property.

**{¶ 3}**   On April 10, 2012, appellant requested summary judgment on the basis that (1) the trial court set a hearing date outside the statutory time frame, and (2) Trimat fraudulently transferred assets to Ronald Toler (appellee) and those assets remained the property of Trimat and subject to the execution of its judgment lien.[1]   Appellant subsequently filed a supplement to its summary judgment motion, but we find no indication in the record that Trimat or appellee filed a response.   Also, we find no indication that the trial court ruled on the motion.

**{¶ 4}**   On the day of the scheduled hearing, the trial court dismissed the jury and the

---

[1] The relationship between Ronald Toler and Trimat, if any, is unclear from the record.

parties read a settlement agreement into the record. An entry that recited the agreement was filed on May 15, 2012 and stated that appellee is to have possession of the seized and disputed equipment and to use "reasonable business practices as governed by Chapter 1309 of the Revised Code" to sell or lease the equipment. The agreement recognized the judgment against Trimat and specified that all proceeds from the equipment sale: (1) be applied to all reasonable expenses incurred in the sale, (2) be applied to interest on the debt owed appellant, and (3) the remainder be applied to the principal amount of the judgment awarded to appellant and against Trimat. This appeal followed.

{¶ 5} We jointly consider the assignments of error and initially point out the unusual posture of this matter. To begin, appellant challenges a settlement to which it agreed, or at least to which it did not object. Ohio law, however, favors settlement agreements. See *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). Settlements are binding contracts. *Continental W. Condominium Unit Owners Assn.*, supra, at 502. Generally, if some event occurs subsequent to a settlement agreement and a party desires to set aside the agreement, the ususal course of action is to file a motion in the trial court that adopted the settlement agreement. See *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 285 N.E.2d 324, (1972). Here, appellant appeals a settlement agreement to which it ostensibly agreed and has not challenged in the trial court.

{¶ 6} Appellant's argument against the agreed settlement is set out in its brief as follows:

> "Eventually an agreement was reached whereby Ronald Toler was to provide documentation proving his security interest in the property at issue. When this documentation was actually provided, however, it showed that the transfer was

indeed fraudulent – the note supposedly securing Ron Toler's interest was far less valuable than had been claimed, and it was actually made out to Matt Toler personally and not to Trimat."[2]

As best as we can understand the argument, it appears to rest on materials obtained or revealed subsequent to the judgment at issue. Furthermore, those materials are not part of the record on appeal and, consequently, are not properly before us. See App.R. 9(A). In any event, as we note above, appellant should have sought to set aside the settlement agreement. Additionally, if Trimat and appellee are involved in a fraudulent transfer of assets, appellant has recourse under the Ohio Fraudulent Transfer Act. See generally *DiBlasio v. Sinclair*, 7th Dist. No. 08–MA–23, 2012-Ohio-5848, at ¶¶33-34; *Dinu v. Dinu*, 8th Dist. No. 91705, 2009-Ohio-2879, at ¶¶6-8.

{¶ 7} Appellant also argues that the trial court failed to comply with the statute. R.C. 2329.84 provides:

> "If, by virtue of a writ of execution issued from a court of record in this state, an officer levies it on goods and chattels claimed by a person other than the defendant, such officer forthwith shall give written notice to a judge of the county court, which notice shall contain the names of the plaintiff, defendant, and claimant, and at the same time furnish the judge a schedule of the property claimed. Immediately upon the receipt of the notice and schedule, the judge shall make an entry of them on his docket, and issue a summons directed to the sheriff or any constable of the county commanding him to summon five disinterested men, having the qualifications of electors, to be named in the summons, to appear before him, at the time and place therein mentioned, which shall not be more than three days after the date of the writ, to try and determine the claimant's right to the property in controversy. The claimant shall give two days' notice, in writing, to the plaintiff, or other party, for whose benefit the execution was issued and levied, his agent, or attorney, if within the county, of the time and place of trial. The claimant shall prove to the satisfaction of the judge that such notice was given, or that it could not be given by reason of the absence of the party, his agent, or attorney."

---

[2] The identity of "Matt Toler" and his relationship to Ron Toler or Trimat is unclear. In addition, appellant seems to use the concepts of "security interest" and "ownership interest" interchangeably in this paragraph when, in fact, they do not necessarily mean the same thing.

(Emphasis added.)

Appellant argues that the trial court erred by setting the trial date beyond the mandatory three day time limit.   However, even if the trial court arguably erred in this regard[3], the fact that the parties settled the case, and no trial actually occurred, renders this alleged error harmless.   See Civ.R. 61.   To address this issue now, after the case has been settled, is in the order of an advisory opinion. *Tewksbury v. Tewksbury*, 194 Ohio App.3d 603, 2011-Ohio-3358, 957 N.E.2d 362, at ¶13 (4th Dist. 2011); *McClead v. McClead*, 4th Dist. No. 06CA67, 2007-Ohio-4624, at ¶12.

**{¶ 8}**   Appellant also asserts that the trial court erred by denying its summary judgment motion.[4]   First, we once again note that appellant agreed to settle the case and this agreement relieves the trial court of the obligation to decide the motion.   Second, it is not entirely clear that a summary judgment motion lies in R.C. 2329.84 proceedings.   In *Ayetenew Best Buy, Inc. v. Warsaw Supermarket, Inc.*, 8th Dist. No. 67866&67878, 1995 WL 371320 (Jun. 22, 1995), the court appears to have assumed that it does, but the court did not actually discuss the issue. However, a year earlier the same court wrote that "we need not decide whether Civ.R. 56 may be used in conjunction with R.C. 2329.84" which suggests that a question may indeed be involved in this issue.   See *Morris v. Erieway, Inc.*, 93 Ohio App.3d 239, 243, 638 N.E.2d 142 (8th Dist. 1994).

---

[3] The trial court explained in an April 5, 2012 entry that its "congested docket" prevented it from convening within the statutory time frame.

[4] It does not appear, from our review of the record, that the trial court ruled on this motion.    In such instances we treat a trial court's inaction as implicitly overruling the motion. See e.g. *Watershed Management, LLC. V. Neff*, 4th Dist. No. 10CA42, 2012- Ohio-1020, at ¶31; *Chrysler Fin. Servs. v. Henderson*, 4th Dist. No. 11CA4, 2012-Ohio-6813, at ¶13.

{¶ 9} Finally, even if we assume that the parties' settlement did not result in appellant's waiver of its summary judgment motion, and further assuming that a Civ.R. 56 motion may be used in R.C. 2329.84 proceedings, it is unclear whether such motions may be used in the particular manner that appellant sought to use it. Appellant cites no precedent, and we have found none in our own research, for the proposition that R.C. 2329.84 can be used as a means to set aside transfers made to defraud creditors. It is true that the statute provides a remedy to determine the ownership of goods that have been levied upon. *Morris*, supra, at 242. However, the statute's principal purpose is to protect the sheriff from liability (in amercement) for levying on goods that belong to someone other than a judgment debtor. Id. This is a summary proceeding and title to the seized property is neither confirmed, acquired nor affected in any way. Id. citing *Armstrong v. Harvey*, 11 Ohio St. 527, 531 (1860); *Patty v. Mansfield*, 8 Ohio 369, 370-371 (1838). Once again, other means exist to set aside fraudulent transfers. We question whether a proceeding principally intended to protect a sheriff from liability for wrongful levy is appropriate means to set aside allegedly fraudulent transfers.

{¶ 10} Therefore, in view of the foregoing reasons, we conclude that the trial court did not err by failing to grant summary judgment in favor of appellant. Accordingly, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Gary Moeralli Excavating, Inc. v. Trimat Constr., Inc.*, 2013-Ohio-1311.]

<u>JUDGMENT ENTRY</u>

It is ordered that the trial court's judgment be affirmed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.