[Cite as *Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 2015-Ohio-5191.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOME SAVINGS AND LOAN COMPANY OF YOUNGSTOWN, OHIO | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15 CAE 03 0021 |
| | : | |
| AVERY PLACE, LLC, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court
                              of Common Pleas, Case No. 09 CJ
                              48290

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       December 10, 2015

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

RICHARD M. BAIN                        MICHAEL A. PARTLOW
HEIDI J. MILICIC                       112 S. Water St., Suite C
600 Superior Ave. East                 Kent, OH 44240
1400 Fifth Third Center
Cleveland, OH 44114                    RICHARD L. GOODMAN CO., LPA
                                       720 Youngstown-Warren Rd., Suite E
                                       Niles, OH 44446

*Delaney, J.*

{¶1} Defendant-Appellant James J. Moro appeals the February 4, 2015 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In 2009, Plaintiff-Appellee Home Savings and Loan Company of Youngstown, Ohio obtained a judgment against Defendants-Appellants Avery Place, LLC and James J. Moro for the breach of two cognovit promissory notes and two cognovit guarantees. Home Savings and Loan obtained judgment against Moro and Avery Place LLC jointly and severally in the amount of $2,124,502.26, plus interest and $722,072.02, plus interest. A Certificate of Judgment was filed with the Delaware Clerk of Court under Case No. 09 CJ 48290.

{¶3} On June 2, 2011, Home Savings and Loan filed an Order for Writ of Execution on Personal Property that directed the Union County Sheriff to levy a Piper airplane, license number N63BT, registered with the Federal Aviation Administration under the name of James J. Moro. The Piper airplane was housed at an airplane hangar located in Union County, Ohio.

{¶4} The Delaware Clerk of Courts served Moro with the notice of the writ of execution and hearing request form pursuant to R.C. 2329.091. Moro requested a hearing on the writ of execution. The trial court held a hearing on October 5, 2011.

{¶5} At the hearing, Moro argued the Piper airplane was exempt from execution because he was not the owner of the Piper airplane. Moro testified he sold the Piper airplane on April 10, 2009 to Real Property Managers LLC. Moro produced a Bill of Sale from Moro as seller and Real Property Managers LLC as purchaser. The Bill of Sale was

filed with the Aircraft Registration Branch of the FAA on May 26, 2009. Moro testified that on September 30, 2009, Real Property Managers LLC sold the Piper airplane to Silverback Solutions LLC. Silverback Solutions LLC was a limited liability corporation organized in the State of Georgia. Moro produced evidence of the sale of the Piper airplane by Real Property Managers LLC to Silverback Solutions LLC through a Bill of Sale filed with the Aircraft Registration Branch of the FAA on October 15, 2009.

{¶6}   At trial, Home Savings and Loan produced evidence that while Moro and Real Property Managers LLC filed the Bill of Sales with the FAA, the FAA records showed at the time of the hearing, the Piper airplane was not registered with either Real Property Managers LLC or Silverback Solutions LLC because the FAA registration process was incomplete.[1] Home Savings and Loan also produced evidence that demonstrated Silverback Solutions LLC dissolved on August 22, 2011. Moro testified on cross-examination he was leasing the Piper airplane from Silverback Solutions LLC and the airplane was housed at a hangar located in Union County, Ohio. Moro did not introduce a lease or state whether the lease was verbal or written. Moro testified he last used the Piper airplane in April 2011.

{¶7}   On February 4, 2015, the trial court issued its judgment entry granting the writ of execution of the Piper airplane. It is from this judgment Moro now appeals.

---

[1] While outside the record in this case and provides no weight to the decision of this Court on the within appeal, we note that a search of the online FAA Registry of aircrafts shows the FAA issued a certificate of registration for the Piper airplane, license number N63BT, to Silverback Solutions LLC on March 27, 2012. *See http://registry.faa.gov/aircraftinquiry/NNum_Results.aspx?NNumbertxt=63BT.*

**ASSIGNMENT OF ERROR**

{¶8}   Moro raises one Assignment of Error:

{¶9}   "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING THE WRIT OF EXECUTION ON THE BASIS THAT THE AIRCRAFT IN QUESTION HAD BEEN FRAUDULENTLY TRANSFERRED IN ORDER TO AVOID EXECUTION."

**ANALYSIS**

{¶10} Moro argues in his sole Assignment of Error that the trial court erred in granting the writ of execution over the Piper airplane. A writ of execution is a statutory proceeding. R.C. 2329.09 governs the execution against property. It states:

> The writ of execution against the property of a judgment debtor issuing from a court of record shall command the officer to whom it is directed to levy on the goods and chattels of the debtor. If no goods or chattels can be found, the officer shall levy on the lands and tenements of the debtor. If the court rendering the judgment or decree so orders, real estate may be sold under execution as follows: one third cash on the day of sale, one third in one year, one third in two years thereafter, with interest on deferred payments, to be secured by mortgage on the premises so sold. An execution on a judgment rendered against a partnership firm by its firm name shall operate only on the partnership property. The exact amount of the debt, damages, and costs, for which the judgment is entered, shall be indorsed on the execution.

In this case, the judgment creditor is Home Savings and Loan and the judgment debtor is Moro.

**Scope of the Hearing Under R.C. 2329.091**

{¶11} A judgment debtor is entitled to due process of law in the execution against his property because the proceeding involves the deprivation of property. *Hersh v. Schwartz*, 1st Dist. Hamilton No. C-110478, 2012-Ohio-3908, ¶ 12 citing *Hersh v. Schwartz*, 195 Ohio App.3d 295, 2011-Ohio-3994, 959 N.E.2d 1061 at ¶ 15. R.C. 2329.01 states that when a judgment creditor files a praecipe for a writ of execution, the clerk of courts shall issue a writ of execution to the levying officer and cause the notice and hearing request form to be served upon the judgment debtor. The statute provides for a hearing before property levied upon in a writ of execution can be sold, if the judgment debtor timely requests such a hearing. The notice to the judgment debtor states, "[i]f you believe that some or all of your property is exempt from execution, you may request a hearing before this court by filling out the enclosed form for requesting a hearing." The judgment debtor may state on the form his reason for claiming that some of his property is exempt from execution. R.C. 2329.091(D).

{¶12} At the hearing, the issues are limited to a consideration of the amount of property of the judgment debtor that can be executed upon to satisfy all or part of the debt owed to the judgment creditor. R.C. 2329.091(D). The trial court shall determine what portion, if any, of the property of the judgment debtor is exempt under R.C. 2329.66. R.C. 2329.091(H). The trial court then must issue an order setting forth that determination and ordering the nonexempt property to be sold. *Id.*

**Is the Property Exempt?**

{¶13} Pursuant to R.C. 2329.091, if the judgment debtor requests a hearing, the judgment debtor must demonstrate at the hearing the reasons why the judgment debtor's property is exempt from execution. R.C. 2329.091(H) states the trial court must then determine what portion, if any, of the property of the judgment debtor is exempt by examining the provisions of R.C. 2329.66.

{¶14} R.C. 2329.66 outlines the property that a person domiciled in the State of Ohio may hold exempt. It states, "[e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order * * *." Interpreting R.C. 2329.66, the Ohio Supreme Court has stated:

> [E]xemption statutes * * * are in derogation of the common-law rights of creditors. * * * Thus, as to any property or rights that are subject to attachment or execution, any claim by an individual for an exemption from the claims of his creditors must be based upon a statutory provision for such exemption. * * * The legislature has the exclusive authority to declare what property shall be exempt from the purview of collection laws. *Ohio Bell Tel. Co. v. Antonelli* (1987), 29 Ohio St.3d 9, 11, 504 N.E.2d 717.

*Waterfield Financial Corp. v. Gilmer*, 10th Dist. Franklin No. 04AP-252, 2005-Ohio-1004, ¶¶ 38-39.

{¶15} Moro argued at the hearing that the Piper airplane was exempt from execution because Moro did not own the Piper airplane. A review of R.C. 2329.66 shows that the issue of "ownership" of property sought to be executed or attached is not within

the statutory provisions for exemption. The statutory provisions for exemption include, in part:

(1)(b) person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

(c) For purposes of divisions (A)(1)(a) and (b) of this section, "parcel" means a tract of real property as identified on the records of the auditor of the county in which the real property is located.

(2) The person's interest, not to exceed three thousand two hundred twenty-five dollars, in one motor vehicle;

(3) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings.

(4)(a) The person's interest, not to exceed five hundred twenty-five dollars in any particular item or ten thousand seven hundred seventy-five dollars in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment that are held primarily for the personal, family, or household use of the person;

(b) The person's aggregate interest in one or more items of jewelry, not to exceed one thousand three hundred fifty dollars, held primarily for the

personal, family, or household use of the person or any of the person's

dependents.

(5) The person's interest, not to exceed an aggregate of two thousand

twenty-five dollars, in all implements, professional books, or tools of the

person's profession, trade, or business, including agriculture;

"'[T]he legislature's purpose, in exempting certain property from court action brought by

creditors, was to protect funds intended primarily for maintenance and support of the

debtor's family.' *Daugherty v. Central Trust Co. of Northeastern Ohio* (1986), 28 Ohio

St.3d 441, 445." *Waterfield Financial Corp. v. Gilmer*, 10th Dist. Franklin No. 04AP-252,

2005-Ohio-1004, ¶¶ 38-39.

{¶16} The record shows that Moro did not argue the Piper airplane was exempt

from execution pursuant to R.C. 2329.66. Moro argued the Piper airplane could not be

executed because he did not own the Piper airplane.

### Ownership

{¶17} The issue of ownership of property subject to execution is found in R.C.

2329.84. This statutory provision "provides the remedy for determining the ownership of

goods that have been levied upon. *Ryan v. Carter* (1993), 67 Ohio St.3d 568, 621 N.E.2d

399." *Morris v. Erieway, Inc.*, 93 Ohio App.3d 239, 242, 638 N.E.2d 142, (8th Dist.1994).

The statute reads:

If, by virtue of a writ of execution issued from a court of record in this state,

an officer levies it on goods and chattels claimed by a person other than the

defendant, such officer forthwith shall give written notice to a judge of the

county court, which notice shall contain the names of the plaintiff,

defendant, and claimant, and at the same time furnish the judge a schedule of the property claimed. Immediately upon the receipt of the notice and schedule, the judge shall make an entry of them on his docket, and issue a summons directed to the sheriff or any constable of the county commanding him to summon five disinterested men, having the qualifications of electors, to be named in the summons, to appear before him, at the time and place therein mentioned, which shall not be more than three days after the date of the writ, to try and determine the claimant's right to the property in controversy. The claimant shall give two days' notice, in writing, to the plaintiff, or other party, for whose benefit the execution was issued and levied, his agent, or attorney, if within the county, of the time and place of trial. The claimant shall prove to the satisfaction of the judge that such notice was given, or that it could not be given by reason of the absence of the party, his agent, or attorney.

{¶18} The parties to the proceeding are the claimant and the judgment creditor. The judgment debtor, who supposedly owns the property, is not a party and his rights are not determined. *Morris v. Erieway, Inc.*, 93 Ohio App.3d at 242-43. The judgment, however, is not conclusive as to the ownership of the property. *Id.* citing *Berkowitz v. Crown Brewing Co.*, 7 OLR 244 (1909). This proceeding does not "have the effect of conferring a title or right where none existed before, and its only object was to restore the property to the status in which it was before the levy, and if complied with, the claimant would still hold it, subject to all the legal and equitable claims of others thereto." *Id.* quoting *Armstrong v. Harvey*, 11 Ohio St. 527, 533 (1860). R.C. 2329.84 does not determine title

to the goods in question but only decides the interest in the goods between the judgment creditor and the claimant. *Id.*

**The Piper Airplane Is Not Exempt Pursuant to R.C. 2329.66**

{¶19} As stated above, a writ of execution is a statutory proceeding. A judgment debtor may claim the property to be executed is exempt, but because the exemption statutes "are in derogation of the common-law rights of creditors," any claim by an individual for an exemption from the claims of his creditors must be based upon a statutory provision for such exemption found in R.C. 2329.66. Moro argued the Piper airplane was exempt from execution because he did not own the airplane. Based on the record before us and pursuant to the limited statutory provisions of R.C. 2329.66, we find that lack of ownership is not one of the statutory specifications for exemption from execution. Because Moro failed to raise an exemption found under R.C. 2329.66, we find the trial court did not err in finding the Piper airplane was not exempt from execution. The trial court's basis for granting the writ of execution was in error as it went beyond the scope of R.C. 2329.66, but the resulting judgment was correct.

{¶20} Silverback Solutions LLC, the purported owner of the Piper airplane, has a statutory remedy in R.C. 2329.84.

{¶21}  Moro's sole Assignment of Error is overruled.

## CONCLUSION

{¶22} The judgment of the Delaware County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Farmer, P.J. and

Baldwin, J., concur.