[Cite as *UBS Fin. Servs., Inc. v. Lacava*, 2017-Ohio-7916.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
| --- | --- |
| UBS FINANCIAL SERVICES INC., et al. | C.A. No. 28147 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALBERT LACAVA, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. JL 2011-9431 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Albert Lacava, appeals from the judgment of the Summit County Court of Common Pleas ordering Plaintiff-Appellee, UBS Financial Services, Inc. ("UBS Financial"), to proceed with the execution against his inventoried personal property. For the reasons set forth below, we affirm.

I.

{¶2} This matter arises from a 2010 judgment that UBS Financial obtained against Mr. Lacava in the amount of $196,963.89 plus interest. A certificate of judgment was filed with the Summit County Clerk of Court in 2011. Upon receiving UBS Financial's praecipe for writ of execution in October 2015, the clerk of court issued a writ of execution instructing the Summit County Sheriff to levy on all of Mr. Lacava's non-exempt personal property. Mr. Lacava subsequently requested a hearing pursuant to R.C. 2329.091 to address whether certain personal items were exempt from execution pursuant to R.C. 2329.66. Following a hearing on

the matter, the trial court determined that Mr. Lacava failed to prove that any of his personal property was exempt from execution. The trial court, however, noted that Mr. Lacava could renew his objections to the writ of execution after his personal property had been inventoried and designated as property which will be sold to satisfy the judgment.

{¶3} On December 2, 2015, the sheriff filed a list of Mr. Lacava's inventoried personal property with the clerk of court. Thereafter, Mr. Lacava filed objections to the writ of execution arguing that the inventoried personal property was exempt from execution. Specifically, Mr. Lacava argued that he is entitled to an exemption since he does not believe that any of the inventoried items would sell for more than the statutory exemption amounts set forth in R.C. 2329.66. Additionally, Mr. Lacava argued that his wife, Mary Ellen Lacava, fully owns 24 of the inventoried items and owns half of the remaining inventoried items. UBS Financial filed a brief in opposition arguing that the trial court should overrule Mr. Lacava's objections and order the sheriff to proceed with the appraisal of the inventoried items. A magistrate held a hearing on Mr. Lacava's objections on January 22, 2016. Following the hearing, the magistrate advised the trial judge that neither party presented additional evidence apart from what was already contained in their respective briefs. On January 29, 2016, the trial court concluded that Mr. Lacava failed to establish that any of the personal property listed in the sheriff's inventory is exempt from collection. The trial court also ordered that UBS Financial could proceed with executing against the inventoried property.

{¶4} Mr. Lacava filed this timely appeal and raises seven assignments of error for this Court's review.[1] Mr. Lacava also filed a motion to stay all proceedings pending appeal, which

---

[1] On May 9, 2016, following Mr. Lacava's filing of his notice of appeal, Mrs. Lacava filed a motion in the trial court to intervene pursuant to Civ.R. 24 and R.C. 2329.84. However, the magistrate concluded that the trial court was without jurisdiction to consider the motion,

the trial court granted subject to the filing of a supersedeas bond. To facilitate our analysis, we elect to address Mr. Lacava's assignments of error out of order.

II.

{¶5} This Court initially questions its jurisdiction to hear this appeal. On March 10, 2016, UBS Financial filed a motion to dismiss the instant appeal arguing, in relevant part, that the trial court's January 29, 2016 journal entry from which Mr. Lacava appeals is not a final appealable order. This Court denied UBS Financial's motion to dismiss after provisionally concluding that the trial court's January 29, 2016 journal entry is a final order under R.C. 2505.02(B)(2), but explicitly reserved the right to revisit the issue upon final disposition of the appeal. *See State v. Lacava*, 9th Dist. Summit No. 28147 (Apr. 13, 2016). UBS Financial subsequently filed a renewed motion to dismiss the instant appeal, which this Court again denied. *See State v. Lacava*, 9th Dist. Summit No. 28147 (May 6, 2016). We elect to revisit the issue concerning the finality of the trial court's January 29, 2016 journal entry at this time.

{¶6} When jurisdiction appears uncertain, a court of appeals must raise issues of jurisdiction sua sponte. *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501 (4th Dist.1992), citing *In re Murray*, 52 Ohio St.3d 155, 159, (1990) fn. 2. Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) restrict the appellate jurisdiction of courts of appeal to the

---

having been divested of jurisdiction except to take action in aid of Mr. Lacava's pending appeal. Mrs. Lacava thereafter filed a notice of appeal from the magistrate's order. This Court dismissed Mrs. Lacava's attempted appeal for lack of a final appealable order. *See UBS Fin. Servs., Inc. v. Lacava*, 9th Dist. Summit No. 28309 (Aug. 10, 2016). The trial judge thereafter adopted the magistrate's decision. On September 6, 2016, the trial court denied Mr. Lacava's motion for reconsideration. Mrs. Lacava again filed a notice of appeal from the denial of her husband's motion for reconsideration. This Court then consolidated both of the Lacavas' appeals. *See UBS Fin. Servs., Inc. v. Lacava*, 9th Dist. Summit Nos. 28147, 28373 (Oct. 3, 2016). UBS Financial subsequently filed a motion to dismiss Mrs. Lacava's appeal for lack of a final appealable order, which this Court ultimately granted. *See UBS Fin. Servs., Inc. v. Lacava*, 9th Dist. Summit Nos. 28147, 28373 (Nov. 29, 2016). In sum, Mrs. Lacava is *not* a party in the present appeal.

review of final orders. *Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012–Ohio–2582, ¶ 5. In the absence of a final order, an appellate court has no jurisdiction. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007–Ohio–607, ¶ 14. An order is final only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014–Ohio–1984, ¶ 10.

**{¶7}** Upon careful consideration of the issue, we conclude that the trial court's January 29, 2016 journal entry constitutes a final order pursuant to R.C. 2505.02(B)(2). That entry, which overruled Mr. Lacava's objections to the writ of execution and permitted UBS Financial to proceed with executing on the inventoried property, was made in a special proceeding or upon summary application in an action after judgment and affected Mr. Lacava's substantial rights. *See Home S. & L. Co. of Youngstown v. Avery Place, L.L.C.*, 5th Dist. Delaware No. 15 CAE 03 0021, 2015-Ohio-5191 (considering the merits of appellant's appeal from the trial court's order granting a writ of execution). Thus, having concluded that the trial court's January 29, 2016 journal entry is a final appealable order, we proceed to consider the merits of Mr. Lacava's appeal.

**Assignment of Error I**

**The trial court erred in not allowing a third party claimant's affidavit, [wife], whom UBS has no judgment against, her Due Process under 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983, R.C. 2329.84 and R.C. 2715.40.**

**Assignment of Error II**

**Trial court erred by not legally addressing third party claimant's affidavit, [wife]'s 100% owned personal property and illegally tagging her privately owned household goods as joint property and then making her separately owned goods available for sale, under violation of 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983, R.C. 2329.84 and R.C. 2715.40.**

## Assignment of Error IV

**Trial court erred in not granting [wife] her statutory exempt status on household items.**

## Assignment of Error VI

**[Wife] and [Lacava] unjustly suffer[] from unconscionable court decisions that [have] facilitated the attempted criminal activity of trespass, in the hands of a documented corrupt foreign entity, [UBS Financial].**

{¶8} In his first, second, fourth, and sixth assignments of error, Mr. Lacava advances several arguments contending that the trial court's January 29, 2016 journal entry violated his wife's various statutory and constitutional rights. We do not reach the merits of Mr. Lacava's arguments, however, since we determine that he lacks standing to raise these arguments on his wife's behalf.

{¶9} "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *State ex rel. Gabriel v. Youngstown*, 75 Ohio St.3d 618, 619 (1996), quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), syllabus. An appellant usually does not have standing to argue issues affecting another person. *In re Leo D.*, 6th Dist. Lucas No. L–01–1452, 2002-Ohio-1174, *2, fn. 2. "Similarly, a party generally may not prosecute an appeal to protect the rights of a third party." *Mulqueeny v. Mentor Chiropractic Center, Inc.*, 11th Dist. Lake No. 2001–L–034, 2002-Ohio-1687, *2. An appellant may not assign errors committed against a non-appealing party, unless the errors are prejudicial to the rights of the appellant. *In re Smith*, 77 Ohio App.3d 1, 13 (6th Dist.1991), citing *State v. Ward*, 9th Dist. Summit No. 13462, 1988 WL 99182, *6-7 (Sept. 21, 1988). "An appealing party is not permitted to vicariously assert that a non-party's constitutional due process rights were violated." *Cain v. Cain*, 11th Dist. Portage No. 2016-P-0011, 2017-Ohio-708, ¶ 21,

citing *In re Spencer Children*, 12th Dist. Butler No. CA98-05-103, 1999 WL 160934, *5-6 (Mar. 22, 1999).

{¶10} Here, Mr. Lacava does not explain in his first, second, fourth, or sixth assignments of error how the trial court's January 29, 2016 journal entry adversely affected his interests. Rather, Mr. Lacava argues that the trial court's entry violates his wife's various constitutional and statutory rights since she purportedly has an ownership interest in several of the items that are inventoried for sale. Thus, we conclude that Mr. Lacava lacks standing to assert these arguments on his wife's behalf.

{¶11} Accordingly, Mr. Lacava's first, second, fourth, and sixth assignments of error are overruled.

### Assignment of Error III

**Trial court erred in ruling no item is exempt, when by law, all Albert's items are exempt, not to exceed the statutory dollar cap, by satisfying four elements required in Ohio Statutory Code, irrespective of any price value for any item.**

{¶12} In his third assignment of error, Mr. Lacava argues that the trial court erred by associating the value of the inventoried property with exempt status. We disagree.

{¶13} R.C. 2329.091 provides for a hearing before property levied upon in a writ of execution can be sold, but only if the judgment debtor timely requests such a hearing. The issues at such a hearing "are limited to a consideration of the amount of property of the judgment debtor that can be executed upon to satisfy all or part of the debt owed to the judgment creditor." *Avery Place, L.L.C.*, 2015-Ohio-5191, at ¶ 12, citing R.C. 2329.091(D). Moreover, if the judgment debtor requests a hearing, the judgment debtor must demonstrate at the hearing the reasons why his or her property is exempt from execution. *Id.* at ¶ 13, citing R.C. 2329.091. Following the hearing, the trial court must determine what portion, if any, of the judgment

debtor's property is exempt under R.C. 2329.66. *Id.*, citing R.C. 2329.091(H). "The trial court then must issue an order setting forth that determination and ordering the [judgment debtor's] nonexempt property to be sold." *Id*. at ¶ 12.

{¶14}  R.C. 2329.66 lists the property that a person domiciled in Ohio may hold exempt. Relevant to this appeal, the statute states that every person who is domiciled in Ohio may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

> The person's interest, not to exceed five hundred twenty-five dollars in any particular item or ten thousand seven hundred seventy-five dollars in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment that are held primarily for the personal, family, or household use of the person[.]"

R.C. 2329.66(A)(4)(a).

{¶15}  Here, Mr. Lacava raised three arguments before the trial court in his objections to the writ of execution.  First, Mr. Lacava argued that his wife fully owns 24 of the inventoried pieces of property.  Second, Mr. Lacava argued that his wife owned half of the remaining inventoried property.  Finally, Mr. Lacava argued that a majority of the inventoried items are exempt from execution since he believes that "no item individually or in aggregate value would not sell above the []R.C. 2329.66 exemption dollar prices" at public auction.

{¶16}  As to Lacava's first two objections regarding his wife's alleged ownership, we note that there is no exemption under R.C. 2329.66 for ownership by a third party.  "[A]ny claim by an individual for an exemption from the claims of his creditors must be based upon a statutory provision for such exemption found in R.C. 2329.66." *Avery Place, L.L.C.*, 5th Dist. Delaware No. 15 CAE 03 0021, 2015-Ohio-5191, ¶ 19.

**{¶17}** Nonetheless, Mr. Lacava has not filed a transcript of the trial court's hearing on his objections to the writ of execution with this Court. Therefore, we are unable to review this proceeding. *See Hunter Real, Inc. v. Edwards*, 9th Dist. Summit No. 24216, 2009-Ohio-839, ¶ 5 (noting that an appellant bears the burden of demonstrating error by reference to matters in the record); App.R. 9(B).

**{¶18}** Moreover, a review of the record indicates that Mr. Lacava's written objections to the writ of execution do not identify with particularity facts sufficient to apply the requested exemption to the inventoried property. Rather, Mr. Lacava's third objection generally asserts that he believes that none of the inventoried property would sell for more than the exemption dollar amounts provided in R.C. 2329.66, either individually or in the aggregate. Mr. Lacava neither asked the trial court to order an independent appraisal of his personal property prior to the hearing on his objections, nor did Mr. Lacava conduct his own appraisal prior to the hearing. Although Mr. Lacava did have his property appraised during the pendency of this appeal, this evidence was not presented to the trial court and this Court therefore may not consider it. *State v. Ishmail,* 54 Ohio St.2d 402, 406 (1978) (explaining that a reviewing court is "limited to what transpired in the trial court as reflected by the record made of the proceedings."). Since Mr. Lacava argued without supporting evidence in his objections that his inventoried personal property was exempt from execution based upon its purported resale value, we cannot say that the trial court erred by associating the value of the inventoried items with exempt status. Thus, we conclude that the trial court did not err by finding Mr. Lacava failed to prove that the inventoried property is exempt from execution.

**{¶19}** Mr. Lacava's third assignment of error is overruled.

**Assignment of Error V**

**Trial court erred by not ordering multiple independent appraisals before a sale order, violating Ohio Statutory Laws.**

{¶20} In his fifth assignment of error, Mr. Lacava contends that the trial court erred by failing to order multiple independent appraisals of his inventoried personal property. We disagree.

{¶21} R.C. 2329.15 governs public and private sales of goods on execution. This statute provides, in pertinent part, that

> All sales of goods and chattels shall be at public auction unless the court from which an execution or order of sale issues, or a judge thereof in vacation, for good cause shown, on application of either party and due notice to the adverse party, makes an order directing the sheriff, or other officer holding the process, to sell them at private sale for cash, specifying the time, not beyond the return day of the process, during which such sale will continue. *Before such sale, public or private, is made*, the court *shall* order the property to be appraised by three disinterested persons; and it shall not be sold for less than two thirds of its appraised value.

(Emphasis added.) *Id*. Thus, according to the statute's plain language, a trial court must order an appraisal by three neutral persons of all goods and chattel that are to be sold before such sale occurs. *See Yurick v. Yurick Enterprises, Inc.*, 9th Dist. Wayne No. 95CA0039, 1995 WL 760394, *2 (Dec. 27, 1995) (sustaining appellant's assignment of error where appellant's real and personal property was "never appraised by three unbiased individuals prior to sale").

{¶22} Here, the trial court's January 29, 2016 journal entry from which Mr. Lacava appeals merely determined that Mr. Lavaca failed to prove that the inventoried property was exempt from execution. Accordingly, the trial court ordered that UBS Financial could proceed with the execution against the personal property listed in the inventory. A review of the record indicates that the trial court has yet to order the sale of the inventoried property and has stayed all proceedings pending the resolution of this appeal. Thus, we conclude that the trial court's failure

to order an appraisal by three disinterested persons at this stage in the proceedings is not violative of R.C. 2329.15's mandate.

**{¶23}** Lastly, Mr. Lacava contends that the trial court erred by not ordering an appraisal pursuant to R.C. 2329.68 in order to ascertain the amount or value of his inventoried personal property. However, a review of Mr. Lacava's objections to the writ of execution reveals that he did not advance this argument before the trial court. It is axiomatic that a party cannot raise new arguments for the first time on appeal. *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177 (1992). Thus, because Mr. Lacava failed to raise this argument before the trial court, we decline to address it on appeal.

**{¶24}** Mr. Lacava's argument concerning the trial court's compliance with R.C. 2329.15 is not ripe for consideration. The remainder of the arguments raised in Mr. Lacava's fifth assignment of error are overruled.

**Assignment of Error VII**

**Trial court abused its discretion, due to the bias, unreasonable, and unconscionable decisions and rulings. If the law would have been applied, the outcome would be completely opposite. A travesty of justice has occurred, and must be reversed for Justice and law to be honored.**

**{¶25}** In his seventh assignment of error, Mr. Lacava contends that the decisions made within the trial court's January 29, 2016 journal entry amount to an abuse of discretion. Specifically, Mr. Lacava argues that the purported errors detailed in assignments of error one through six demonstrate that the trial court's decisions are biased, unreasonable, and unconscionable. We disagree.

**{¶26}** An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). When

applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶27} Here, Mr. Lacava argues that the errors alleged in his first six assignments of error demonstrate that the decisions within the trial court's journal entry amount to an abuse of discretion. However, as indicated elsewhere in this opinion, Mr. Lacava lacks standing to raise four of his assignments of error and we find no error with the balance of his assignments. Thus, having found no error in Mr. Lacava's preceding six assignments of error, we cannot say that the trial court abused its discretion for the reasons articulated in Mr. Lacava's seventh assignment of error.

{¶28} Mr. Lacava's seventh assignment of error is overruled.

## III.

{¶29} Mr. Lacava's first, second, third, fourth, sixth, and seventh assignments of error are overruled. The argument advanced in Mr. Lacava's fifth assignment of error concerning the trial court's compliance with R.C. 2329.15 is not ripe for consideration, and the remaining arguments contained in Mr. Lacava's fifth assignment of error are overruled. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALBERT LACAVA, pro se, Appellant.

JOSEPH S. SIMMS and CHRISTINE M. COOPER, Attorneys at Law, for Appellee.